[No. 35181. Department One. November 9, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES LELAND BOWMAN, *Appellant*.[1]

[1]Reported in 356 P. (2d) 999.

*J. J. Roller, pro bono publico,* for appellant.

*John G. McCutcheon* and *M. H. Hemmen,* for respondent.

DONWORTH, J.—This is an appeal from a judgment and sentence based on a verdict of guilty of the crime of negligent homicide by means of a motor vehicle, as defined by RCW 46.56.040.

The defendant was represented by two court-appointed

counsel. The defense rested at the close of the prosecution's case. Therefore, the only evidence in the case was that presented by the state. The substance of the evidence before the jury may be briefly stated as follows:

On the day of December 27, 1958, the defendant (appellant James Leland Bowman), aged twenty-one at the time, borrowed from his brother an automobile (hereinafter referred to as the Bowman car). Between the hours of 7:30 and 10:30 that evening, appellant, by his own written admission, consumed five cans of beer and a fifth of vodka.[2] Shortly thereafter, he was driving the Bowman car at a speed in excess of fifty-five miles per hour in a twenty-five mile per hour speed zone within the city limits of Tacoma, when, at approximately 10:30 p. m. the car smashed into the rear of another automobile (which was proceeding the same direction) in which one Madeline Rasmussen was a passenger. Patrolmen investigating the collision found the Rasmussen car two hundred thirty feet from the point of impact. A few days later, after several emergency operations, Mrs. Rasmussen died of injuries sustained in the accident.

Appellant was brought to trial in February, 1959, and found guilty of the crime of negligent homicide with a motor vehicle.

Appellant raises eight assignments of error, four of which we find it necessary to discuss in detail.

Assignment No. 2 is based on the trial court's failure to grant appellant's motion for arrest of judgment on the ground that the information does not state "a cause of action." Appellant contends that the information fails to charge a crime because it does not explicitly allege that his acts caused the accident, but merely states that he was "involved" in the accident.

---

[2] In the written statement which he gave to the police officers, appellant also said: " . . . The last thing after that I can remember I told someone not to let me get in the car as I was too drunk to drive. The next thing I can remember is when I awoke in the hospital. I can not remember getting in the car or driving after I finished the fifth of vodka."

RCW 46.56.040 defines the crime with which appellant was charged as follows:

"When the death of a person ensues within one year as a proximate result of injury received by the operation of a vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

" . . ."

The information[3] on which appellant was tried and convicted, omitting the formal portions, reads:

" . . . did then and there being unlawfully and feloniously operate a motor vehicle in a reckless manner and with disregard for the safety of others and while under the influence of or affected by the use of intoxicating liquor, and while so operating said automobile did become involved in an accident, and as a result of which accident Madeline Rasmussen, a human being, was fatally injured, from which injuries the said Madeline Rasmussen, did, on the 29th day of December, 1958, die, . . ."

Appellant argues in support of his second assignment of error that, for the reason hereinbefore stated, this information was insufficient, under the statute quoted above, to inform a person of common understanding of the nature of the crime with which he was charged.

There are two answers to appellant's argument:

(1) The information is substantially in the language of the statute defining the offense. This court has many times held that such an information is legally sufficient. *State v. Griffith*, 52 Wn. (2d) 721, 328 P. (2d) 897 (1958). See, also, *State v. Bates*, 52 Wn. (2d) 207, 324 P. (2d) 810 (1958); *State v. Olsen*, 43 Wn. (2d) 726, 263 P. (2d) 824 (1953);

---

[3]This information was amended during the trial by the insertion of the words "upon a public highway" immediately following the words "operate a motor vehicle" in the second line. Error is claimed because of this amendment. Actually, appellant moved for a continuance because of this amendment. It was denied. Clearly, no prejudice resulted from the court's ruling.

*State v. Moser*, 41 Wn. (2d) 29, 246 P. (2d) 1101 (1952); *State v. Forler*, 38 Wn. (2d) 39, 227 P. (2d) 727 (1951)..

(2) Substantial evidence was admitted without objection by appellant tending to prove that Mrs. Rasmussen's death ensued as a proximate result of the injury she received because of appellant's operation of a motor vehicle.

Subdivision (2) of Rule of Pleading, Practice and Procedure 101.04W, RCW Vol. 0, provides:

"   ...

"At any time before or during trial the court may permit the amendment of an information and permit proof to be offered in support thereof, and if the defendant shows to the satisfaction of the court that he would thereby be misled, the court shall make such order as shall secure to the defendant full opportunity to defend. An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant would thereby be prejudiced in a substantial right.

"   ..."

Appellant was not prejudiced in a substantial right in this case and, therefore, the information must be considered as amended to conform to the evidence introduced by the state without objection. While the information was, in some respects, general, the proof was specific. *Cf. State v. Williams*, 34 Wn. (2d) 367, 209 P. (2d) 331 (1949); *State v. Johnson*, 32 Wn. (2d) 268, 201 P. (2d) 223 (1949).

■ Appellant's assignment of error No. 3 concerns the trial court's instruction No. 10, defining the terms "to operate a motor vehicle in a reckless manner." The trial court defined these terms as "the operation of a motor vehicle in a heedless, careless or rash manner or in a manner indifferent to consequences." These instructions were specifically approved in *State v. Partridge*, 47 Wn. (2d) 640, 289 P. (2d) 702 (1955). Furthermore, the trial court instructed the jury that "A finding of ordinary negligence is not sufficient to support a conviction of negligent homicide."[4]

---

[4] Appellant's requested instruction which the court did not give was not substantially different from instruction No. 10. No prejudicial error resulted from the court's refusal to give the requested instruction.

These instructions are in full accord with the prevailing law of this state. We might add, however, that a more precise definition of the terms "to operate a motor vehicle in a reckless manner" would simply be *driving in a rash or heedless manner, indifferent to the consequences*, leaving out the concept of carelessness which can easily be confused with negligence.

In assignment of error No. 5, appellant complains of the trial court's failure to grant him a new trial on the basis of allegedly prejudicial statements made by the prosecuting attorney in his closing argument. The statements complained of were the following:

"The defense law [*sic*] asks you, 'Are you going to hang this man? Are you going to make him a martyr? Are you going to take his freedom away?' This court, after conviction, can give him a suspended sentence, if you convict. That is with [*sic*] the province and the power of the Court and, I might add, it happens quite frequently."[5]

There is no question that the above-quoted statement of the prosecutor to the jury was both imprudent and largely uncalled for. The question of the sentence to be imposed by the court is never a proper issue for the jury's deliberation, except in capital cases. But this statement was not so flagrant that its prejudicial effect, if any, could not have been cured by an instruction of the trial court. Counsel for the defense, however, took no exception to these remarks nor did he request a curative instruction. The general rule with reference to misconduct of counsel was well stated in *State v. Cogswell*, 54 Wn. (2d) 240, 339 P. (2d) 465 (1959), at page 242:

" . . . . this court will not consider an assignment of error based upon alleged misconduct of a prosecuting attorney unless the aggrieved party has made timely objection and requested an instruction that the jury disregard the incident. *State v. Taylor*, 47 Wn. (2d) 213, 287 P. (2d) 298 (1955). . . ."

---

[5]What appellant's counsel had said in his argument to the jury was: "Are you going to hang—excuse me, there is no hanging." Later reference was also made to the possible deprivation of appellant's freedom by the jury's verdict.

As we do not find any prejudicial error, the case at bar falls clearly within the above-stated rule.

■ By assignment of error No. 7, appellant challenges the constitutionality of the negligent homicide statute itself. He contends that the statute is unconstitutional for the reason that it violates Art. II, § 19, of the state constitution, which provides that "No bill shall embrace more than one subject, and that shall be expressed in the title." The title of chapter 189 of the Laws of 1937, p. 835 is "An Act relating to vehicles and the operation thereof upon the public highways. . . ." Section 120 (the negligent homicide section) of chapter 189 is not specifically limited in its application to accidents on public highways. Appellant, therefore, argues that more than one subject is embraced by the statute. However, since the accident in question did, in fact, happen on a public highway, appellant cannot be heard to raise this constitutional objection. *Cf. Port of Tacoma v. Taxpayers of the Port of Tacoma,* 53 Wn. (2d) 734, 336 P. (2d) 872 (1959). The constitutionality of an act cannot be questioned by a party whose rights are not affected thereby. See *Marx v. Maybury,* 36 F. (2d) 397, appeal dismissed 284 U. S. 691. The only way in which this question of the validity of the title of the negligent homicide statute could be properly raised in a court would be when and if a person is prosecuted for negligent homicide arising out of an automobile accident which occurred *off* a public highway.

■ Appellant, as an indigent defendant, petitioned the court prior to trial for public funds with which to purchase law books and to interview the state's witnesses and otherwise prepare for trial. He made two affidavits explaining his need for public funds for these purposes. The trial court denied his petition, and appellant asserts that he thereby was denied due process of law, in violation of applicable constitutional provisions.

This contention is not lacking in novelty. However, appellant has cited no authority indicating that any duty rests upon the state to furnish an indigent with funds for such purpose. In any event, the matter was within the

court's discretion, and we cannot say that the denial of appellant's petition constituted an abuse of discretion.

We have considered all the assignments of error and we find that appellant was accorded a fair trial without any prejudicial error.

The judgment of the trial court, accordingly, is hereby affirmed.

WEAVER, C. J., MALLERY, OTT, and HUNTER, JJ., concur.

