[No. 32804-2-I.     Division One.     January 17, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH
FUKUO HURSH, *Appellant*.

*Miriam Feuer Schwartz* of *Seattle-King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *John L. Belatti, Deputy,* for respondent.

WEBSTER, J. — Kenneth Hursh appeals his conviction of vehicular assault alleging: (1) insufficient evidence, (2) the court erred in failing to give his proposed lesser included offense instruction, (3) the court erred in prohibiting testimony about the victim's failure to wear a seatbelt, (4) the court's jury instructions were deficient, and (5) reversal is required because the jury rendered a general verdict. We affirm.

## FACTS

On March 2, 1991, after bowling with some friends, David Hendricks headed for home at about 2 a.m. In preparing to exit Highway 18, Hendricks decelerated his vehicle. Suddenly, Hursh's automobile appeared in his lane of travel and Hendricks' car collided with it. Hendricks sustained several fractures and a head laceration. He was hospitalized for 5 days and spent several months recuperating.

Washington State Patrol officer Kenneth Sjordal investigated the accident. Based on observations of the scene and physical signs of intoxication Hursh was placed under arrest. Hursh stated that he had drunk six to eight beers that evening and a subsequent blood test determined his blood alcohol level was .15 percent.

Detective John Anderson, an expert accident reconstructionist, testified that in his opinion the cause of the accident was the original wreck of Hursh's car. He opined that Hursh's car was heading eastbound on Highway 18, drifted off the shoulder and struck the guardrail. It then came across the roadway and collided with the "jersey barrier",[1] rotating and coming to a stop in Hendricks' lane of travel. Hendricks' vehicle then came along and struck Hursh's car.

At trial, the court excluded evidence of Hendricks' failure to wear a seatbelt, holding that whether the victim was wearing a seatbelt was irrelevant. When the issue was again raised with respect to Dr. Milton Routt's testimony, Hendricks' doctor, the court again excluded the evidence holding that whether the victim was wearing a seatbelt did not go to the cause of the accident leading to the injuries. Hursh was found guilty. The court imposed a 7-month standard range sentence with work release.

### I

Hursh claims error in the exclusion of testimony concerning Hendricks' failure to wear a seatbelt. He argues Hendricks' conduct contributed to the seriousness of the injuries

---

[1] A concrete barrier separating the east and west bound lanes of the roadway.

and was a supervening intervening event relieving him of responsibility.

■■ Hursh's assertion that the failure to wear seatbelts mitigates his culpability is incorrect. A trial court's ruling on the scope of cross examination is discretionary and will not be disturbed unless there is a manifest abuse of that discretion. *State v. Lord*, 117 Wn.2d 829, 869-70, 822 P.2d 177, *cert. denied*, 121 L. Ed. 2d 112 (1992). Under the vehicular assault statute "a defendant will be deemed responsible if his or her conduct is *a proximate cause* of another's injury." (Some italics ours.) *State v. Neher*, 52 Wn. App. 298, 302, 759 P.2d 475 (1984), *aff'd*, 112 Wn.2d 347, 771 P.2d 330 (1989). Failure to wear a seatbelt, even if a contributory proximate cause, is insufficient to relieve Hursh of culpability unless the intervening conduct was the sole cause of the injury. *Neher*, at 301-02.

The court's jury instruction on proximate cause allowed the defense to argue any contributory conduct by the victim which may have been the sole cause of the injuries. Hursh did not except to that instruction. Even though Hendricks' failure to wear a seatbelt may have contributed to the seriousness of his injuries, that act did not cause the accident and was not the sole cause of Hendricks' injuries. Thus, Hendricks' failure could not relieve Hursh of criminal liability; the evidence was irrelevant. The court did not abuse its discretion in excluding evidence of Hendricks' failure to wear a seatbelt.

## II

Hursh claims the court's to-convict instruction was inadequate because it did not define ordinary negligence as an element of vehicular assault. He argues that ordinary negligence is an element under the intoxication alternative means of committing vehicular assault and must be proved.

■ The jury must be instructed as to each element of the offense charged. *State v. Miller*, 60 Wn. App. 767, 774, 807 P.2d 893 (1991). It is for the Legislature, not the courts, to define the elements of a particular crime. *State v. Martell*,

22 Wn. App. 415, 418, 591 P.2d 789 (1979); *State v. Enloe*, 47 Wn. App. 165, 170, 734 P.2d 520 (1987). We literally and strictly construe punitive statutes in favor of the accused. *State v. Halsen*, 111 Wn.2d 121, 123, 757 P.2d 531 (1988). Such statutes are construed "according to the *plain meaning* of their words to assure that citizens have adequate notice of the terms of the law". *Enloe*, at 171. However, we do not read into a statute matters which are not there, nor do we modify a statute by construction or read into the statute things which we may conceive that the Legislature unintentionally left out. *Enloe*, at 170; *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 509, 730 P.2d 1327 (1986); *State v. Taylor*, 97 Wn.2d 724, 728, 649 P.2d 633 (1982).

■ Under the intoxication prong of the statute the defendant's impairment due to alcohol or any drug must be the proximate cause of the serious bodily injury.[2] The Legislature defined a person's duty while driving an automobile. That duty is breached when a defendant drives either recklessly or under the influence of intoxicating liquor or any drug, and that conduct is the proximate cause of the serious bodily injury. RCW 46.61.522.[3] We hold that RCW 46.61.522 cannot be construed to require a showing of negligent conduct as an element of vehicular assault. To attempt such a construction would be to read into the statute an element

---

[2]To avoid a strict liability result the Washington State Supreme and Appellate Courts have engrafted on the vehicular homicide statute the nonstatutory element of a causal connection between the defendant's alcohol consumption and the victim's death. *State v. Tang*, 75 Wn. App. 473, 475, 878 P.2d 487 (1994) (citing *State v. MacMaster*, 113 Wn.2d 226, 231, 778 P.2d 1037 (1989) (impairment due to alcohol must be a proximate cause of the fatal accident)). This proximate cause relationship also applies to the vehicular assault statute. RCW 46.61.522

[3]We note and decline to apply in vehicular assault cases *State v. McAllister*, 60 Wn. App. 654, 658-59, 806 P.2d 772 (1991) (citing *State v. Fateley*, 18 Wn. App. 99, 566 P.2d 959 (1977) (decided under the former "Negligent homicide by motor vehicle" statute (RCW 46.61.520)). The *McAllister* court held that proximate cause under the intoxication prong of vehicular homicide required a combination of "ordinary negligence" and intoxication while driving. *McAllister*, 60 Wn. App. at 658-59. *McAllister* does not properly characterize what is required under the vehicular assault statute. RCW 46.61.522.

which is not there. Jury instructions do not deprive a defendant of a fair trial if, when read as a whole, they correctly state the applicable law, are not misleading, and allow each side to present its arguments. *Miller*, at 776. Under the instructions given, the jury was not required to find ordinary negligence. Hursh does not allege the instructions were misleading or prevented him from arguing his theory of the case. The court correctly stated that to convict under the intoxication prong the jury had to find Hursh was driving while under the influence of intoxicating liquor or drugs and that conduct was a proximate cause of serious bodily injury to another person. There was no error.

Hursh also complains that the court failed to give his proposed proximate cause instruction. *State v. MacMaster*, 113 Wn.2d 226, 230-31, 778 P.2d 1037 (1989); see footnote 2, *infra*. Here, the court gave Hursh's to-convict instruction, which stated in part "[t]o constitute Vehicular Assault there must be a causal connection between the serious bodily injury of a human being and the criminal conduct of a defendant so that the act done was a proximate cause of the resulting serious bodily injury." Having taken no exception to the giving of that instruction, Hursh cannot complain on appeal that the instruction he requested should not have been given. *State v. Kincaid*, 103 Wn.2d 304, 314, 692 P.2d 823 (1985). The court's to-convict instruction adequately informed the jury of the required causal connection between Hursh's conduct and the serious injuries.

### III

Hursh claims the evidence was insufficient to support the conviction on either the reckless driving or the intoxication alternative of the vehicular assault statute. He asserts the verdict must be set aside for failure of the jury form to specify the alternative upon which the finding of guilt was based.

A claim of insufficiency of the evidence, "admits the truth of the State's evidence and all inferences that reason-

ably can be drawn therefrom." *State v. Sanchez*, 60 Wn. App. 687, 693, 806 P.2d 782 (1991) (quoting *State v. Porter*, 58 Wn. App. 57, 60, 791 P.2d 905 (1990)). In reviewing a challenge to the sufficiency of the evidence, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Grover*, 55 Wn. App. 923, 930, 780 P.2d 901 (1989), *review denied*, 114 Wn.2d 1008 (1990).

Hursh was charged with two alternative methods of committing vehicular assault: recklessness and intoxication. RCW 46.61.522. "The right to a unanimous verdict is derived from the fundamental constitutional right to a trial by jury; it may be raised for the first time on appeal." *State v. Gooden*, 51 Wn. App. 615, 617, 754 P.2d 1000, *review denied*, 111 Wn.2d 1012 (1988); *State v. Crane*, 116 Wn.2d 315, 325, 804 P.2d 10, *cert. denied*, 501 U.S. 1237 (1991). When a single offense may be committed in more than one way, the jury must unanimously agree on guilt for the single crime charged but not the means by which the crime was committed so long as there is sufficient evidence to support each alternative means. *State v. Ortega-Martinez*, 124 Wn.2d 702, 707-08, 881 P.2d 231 (1994).

Hursh argues the evidence was insufficient to show he was driving in a negligent manner. The evidence shows that Hursh was driving under the influence of intoxicating liquor, Hendricks suffered serious bodily injury, and Hursh's conduct was a proximate cause of the injury. Since "ordinary negligence" is not an element of the intoxication prong of vehicular assault there is no requirement that the State prove that the defendant was driving in a negligent manner. The claim is without merit.

Hursh also argues there was not sufficient evidence to show that he acted recklessly ("in willful or wanton disregard for the safety of persons or property"). RCW 46.61.500; *State v. McAllister*, 60 Wn. App. 654, 659, 806 P.2d 772 (1991). The uncontroverted evidence here shows Hursh admitted to

drinking six to eight beers before getting into his car. He was dozing on and off just before the accident. His car drifted off the roadway, struck a guardrail before coming back across the roadway and colliding with a "jersey barrier". These actions constituted willful or wanton disregard for the safety of other persons or property. There was substantial evidence supporting both alternative means.

## IV

Hursh claims error in the court's refusal to give his proposed lesser included offense instruction of driving while under the influence of intoxicating liquor. RCW 46.61.504. A defendant is entitled to an instruction on a lesser included offense only where: (1) each element of the lesser offense must be a necessary element of the offense charged, and (2) the evidence in the case must support an inference that only the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978); *State v. Rodriguez*, 48 Wn. App. 815, 818-19, 740 P.2d 904, *review denied*, 109 Wn.2d 1016 (1987). Hursh was not entitled to a lesser included instruction. A lesser included offense instruction is not available where, as here, the lesser crime cannot be a lesser included one of the alternative means charged. *State v. Davis*, 121 Wn.2d 1, 6, 846 P.2d 527 (1993) (quoting *State v. Roybal*, 82 Wn.2d 577, 583, 512 P.2d 718 (1973) (if it is possible to commit the greater offense without having committed the lesser offense, the lesser is not an included crime)).[4]

---

[4]Here, the court ruled that the factual circumstance of Hursh's intoxication and serious bodily injury to the victim would not permit the jury to find him not guilty of vehicular assault (the greater offense) and also guilty of DWI (the lesser offense). We believe that the court made the right decision, but that its reasoning was incorrect. To convict, in addition to intoxication and serious bodily injury, the jury had to find Hursh's conduct was a proximate cause of the serious bodily injury. RCW 46.61.522; see also footnote 2. To proximately cause serious bodily injury, the conduct of the intoxicated driver must necessarily be the proximate cause of the accident. A person may drive while intoxicated and become involved in an accident where serious bodily injury occurs, but not be the proximate cause of the accident. Thus, if Hursh had only been charged with the intoxication means of committing vehicular assault, it would have been possible for the jury to have found him not guilty of vehicular assault, but guilty of DWI.

We affirm.

PEKELIS, C.J., and COLEMAN, J., concur.

Review denied at 126 Wn.2d 1025 (1995).