[No. 40862-3-I.    Division One.    October 19, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. JOEY GOSTOL, *Appellant*.

---

[44]*See* Andersen, 64 WASH. L. REV. at 824 (citing *United States v. SCRAP*, 412 U.S. 669, 689 n.14, 93 S. Ct. 2405, 37 L. Ed. 2d 254 (1973)).

*Michael L. Mittlestat* of *Washington Appellate Project*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *David F. Thiele, Deputy*, for respondent.

BECKER, J. — After losing control of her car and swerving off the road, appellant Joey Gostol drove into a tree stump, causing injury to a passenger. The trial court declined to instruct the jury on negligent driving (former RCW 46.61.525) as a lesser included offense of vehicular assault. Because the legal and factual prongs of the test for lesser included offenses were both met, we reverse.

## FACTS

One April evening in 1995, Joey Gostol and three friends decided to drive to a recreational area along the Stilliguamish River near Arlington. Gostol was driving a Mazda RX-7, a car she had recently bought and never driven before. Erica Berglund was a passenger in that vehicle. The two others followed in a Honda. At some point as they traveled eastward on Route 530, a rural two-lane mountain highway, the Honda passed Gostol's Mazda. Gostol then sped up and attempted to pass several vehicles, including the Honda.

In the midst of this maneuver, Gostol realized another vehicle was fast approaching from the opposite direction. Although Gostol was able to complete the pass to avoid a head-on collision, she was unable to maintain control of the Mazda once she got back into her own lane. The car swerved off the road and hit a tree stump. Berglund was seriously injured in the collision. The State charged Gostol with one count of vehicular assault, committed by means of operating a vehicle in a reckless manner.

At the jury trial in March 1997, there was testimony that Gostol claimed at the time of the accident that there was something mechanically wrong with the Mazda. The State's witnesses disputed this claim. The State also presented testimony that Gostol was passing in a no-passing zone im-

mediately before the accident and was travelling at 67 to 74 miles per hour. The posted speed limit was 55 miles per hour.

The defense called an accident reconstructionist, who testified that Gostol lost control of the car because she oversteered it, possibly due to her unfamiliarity with the Mazda's unique features. "You have to know that you shift down to pass. If you don't shift down to pass, it's like overdrive; it doesn't do much of anything." The expert also stated an opinion that Gostol was within a legal passing zone when she began her pass.

The court's instruction on the elements of the charged offense informed the jury that a "person commits the crime of vehicular assault when he/she operates or drives any vehicle in a reckless manner, and this conduct is a proximate cause of serious bodily injury to another." Gostol proposed her own instructions on negligent driving as a lesser included offense. The court refused Gostol's proposed instructions. The jury went on to find Gostol guilty of vehicular assault. Gostol appeals, arguing that the failure to instruct on negligent driving was reversible error.

A defendant is entitled to a lesser included offense instruction if each of the elements of the lesser included offense is a necessary element of the offense as charged (the "legal prong"), and the evidence supports an inference that only the lesser crime was committed (the "factual prong").[1]

## LEGAL PRONG

In this case, the charged offense was vehicular assault, committed by the alternative means of driving in a reckless manner. RCW 46.61.522, the charging statute, provides

---

[1] *State v. Berlin*, 133 Wn.2d 541, 545-46, 947 P.2d 700 (1997) affirming the lesser included test established in *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). *Berlin*, decided after trial in this case, overruled *State v. Lucky*, 128 Wn.2d 727, 735, 912 P.2d 483 (1996). The trial court relied on *Lucky* in deciding that the legal prong was not met.

that a person is guilty of vehicular assault "if he operates or drives any vehicle: (a) In a reckless manner, and this conduct is the proximate cause of serious bodily injury to another."

Former RCW 46.61.525, in effect in 1995, defined the crime of operating a motor vehicle in a negligent manner. According to this statute, negligent driving is legally a lesser included offense of operating a vehicle "in a reckless manner."

> It shall be unlawful for any person to operate a motor vehicle in a negligent manner. For the purpose of this section to "operate in a negligent manner" shall be construed to mean the operation of a vehicle in such a manner as to endanger or be likely to endanger any persons or property:
>
> . . .
>
> The offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of operating a vehicle in a reckless manner, and any person charged with operating a vehicle in a reckless manner may be convicted of the lesser offense of operating a vehicle in a negligent manner.[2]

■ The State has conceded the legal prong is satisfied. We accept the concession. By the clear and unambiguous terms of former RCW 46.61.525, operating a vehicle in a negligent manner is a lesser included offense of vehicular assault when vehicular assault is charged by the "reckless manner" standard. To the extent that *State v. Thompson*[3] holds that negligent driving (as defined in former RCW 46.61.525) is not a lesser included offense of vehicular assault, we respectfully disagree.

## FACTUAL PRONG

■ Under the factual prong of the lesser included test, Gostol must be able to point to evidence presented that

---

[2]RCW 46.61.525 (1995).

[3]*See State v. Thompson*, 90 Wn. App. 41, 47-48, 950 P.2d 977 (1998).

would permit the jury to rationally find her guilty of the lesser offense and acquit her of the greater offense.[4] The inference to be drawn from the evidence must be that *only* the lesser included crime was committed.[5]

Gostol has met the factual prong of the test as well as the legal prong. The jury heard evidence that Gostol over-steered not as a result of recklessness or heedlessness but out of simple ignorance of the peculiarities of her car. The jury could also conclude that the speed at which she was traveling and her decision to pass was evidence of negligence rather than recklessness.

The State contends, however, that Gostol could not have committed only the crime of negligent driving because it was undisputed that her driving proximately caused Berglund's injuries. The State's argument is based on a fair reading of the factual prong analysis in *State v. Thompson*[6] and *State v. Rogers*.[7] However, we are not persuaded that the factual prong analysis in those two cases is sound. Both *Thompson* and *Rogers* assume that once it is established that the operator's culpable driving caused a serious injury, the only possible charge is vehicular assault. This assumption is illogical. The elements constituting vehicular assault are serious injury plus the culpable behavior of driving in a reckless manner. Serious injury plus the culpable behavior of driving in a negligent manner does not amount to vehicular assault. The fact that Gostol's driving caused Berglund's injuries does not rule out the possibility that her only offense was driving in a negligent manner.

---

[4]*State v. Berlin*, 133 Wn.2d at 551.

[5]*State v. Rodriguez*, 48 Wn. App. 815, 819-20, 740 P.2d 904, *review denied*, 109 Wn.2d 1016 (1987).

[6]*State v. Thompson*, 90 Wn. App. at 48 (the evidence does not support a finding of reckless driving or negligent driving because the defendant "caused serious injury to another.").

[7]*State v. Rogers*, 70 Wn. App. 626, 635, 855 P.2d 294 (1993), *review denied*, 123 Wn.2d 1004 (1994) (there was no evidence that defendant Rogers committed reckless or negligent driving, instead of vehicular assault, because "all of the evidence pointed to the fact that Slatum's death came about as a result of Rogers' reckless or negligent driving.").

■ The State nevertheless asks us to hold that the factual prong was not met because Gostol's theory of her case was that she was not guilty at all. But none of the authorities cited to us by the State stand for the proposition that a lesser included offense analysis turns on the argument or theory advanced by the party who asks for a lesser included offense instruction. Rather, it turns on whether evidence is presented by either party from which the necessary inference may be drawn.[8] A defendant may argue for acquittal and yet also be entitled to an instruction on a lesser included offense.

Because both prongs were satisfied, it was error to refuse Gostol's proposed instructions on negligent driving as a lesser included offense of vehicular assault.

Reversed.

AGID, A.C.J., and APPELWICK, J., concur.

---

[8]*See State v. McClam*, 69 Wn. App. 885, 889-90, 850 P.2d 1377, *review denied*, 122 Wn.2d 1021 (1993).