[No. 16891-3-III. Division Three. January 21, 1999.]
THE STATE OF WASHINGTON, *Appellant*, v. NINA L. LOPEZ, *Respondent*.

---

620

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Bruce Hanify, Deputy*, for appellant.

*Vito R. De La Cruz*, for respondent.

SCHULTHEIS, C.J. — Fourteen-year-old Nina Lopez drove a car, rolled it and killed one of her passengers. The State charged her with vehicular homicide. Noting that the State failed to show that Ms. Lopez's lack of a driver's license proximately caused the accident or proved reckless disregard for the safety of others, the trial court dismissed the charge in a *Knapstad* hearing. *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986). On appeal, the State argues that Ms. Lopez's status as an unlicensed minor driver is prima facie evidence that she disregarded the safety of others. We affirm dismissal of the charge.

The following facts are undisputed. On an afternoon in late December 1995, one week before she turned 15, Ms. Lopez drove with three friends on a Yakima County road. The speed limit on the road was 50 miles per hour. At some point the car left the road and rolled two-and-one-half times. One of the passengers, Lisa Orozco, was killed. The other two passengers and Ms. Lopez were seriously injured.

Ms. Lopez was not old enough to have a learner's permit and had not taken a driver's education course. Investigations by the police and an accident reconstructionist determined that she was driving between 51 miles per hour and 54 miles per hour, plus or minus five percent, and that she "overcorrected" the car (oversteered to return the car to its lane) twice before it rolled. Officers found no evidence of substance abuse (although Ms. Lopez had marijuana in her coat jacket) and no indication of horseplay or other reckless conduct leading to the accident.

Several months later, the State charged Ms. Lopez with one count of vehicular homicide, RCW 46.61.520. She moved to dismiss pursuant to *Knapstad*, arguing the State

622

had failed to establish a prima facie case of reckless disregard or of proximate cause. On the basis of the above facts, the trial court found that the lack of driver's training or a driver's license, without more, was insufficient to prove causation or disregard for the safety of others. The charge was dismissed without prejudice.

■ On appeal, the State strenuously disagrees with the trial court that the evidence is insufficient to support the elements of vehicular homicide. RCW 46.61.520 defines three distinct means by which vehicular homicide may be committed: (1) driving a vehicle while under the influence of alcohol or drugs; (2) driving in a reckless manner; or (3) driving with disregard for the safety of others. *State v. Tang*, 77 Wn. App. 644, 646, 893 P.2d 646, *review denied*, 127 Wn.2d 1017 (1995). Ms. Lopez was charged with driving in a reckless manner and/or with disregard for the safety of others. Pursuant to *Knapstad*, she moved for dismissal of the charge, alleging there were no material disputed facts and the undisputed facts did not establish a prima facie case of guilt. 107 Wn.2d at 356. Dismissal of the information was proper if no rational trier of fact could have found the essential elements of the crime beyond reasonable doubt. *Id.* at 349; *State v. Dunn*, 82 Wn. App. 122, 125, 916 P.2d 952, *review denied*, 130 Wn.2d 1018 (1996). Based on the evidence presented at the *Knapstad* hearing, the trial court here found that the State failed to establish any of the essential elements of the charge: recklessness, disregard for safety, or causation. The State argues that the mere fact that Ms. Lopez violated the licensing statutes is negligence per se and establishes a prima facie case of disregard for the safety of others.

■ ■ We first note that Washington has abolished the doctrine of negligence per se except in certain statutorily defined circumstances not relevant here. RCW 5.40.050.[1] Breach of a statutory duty is admissible but not conclusive

[1] "A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence; however, any breach of duty as provided by stat-

on the issue of negligence. *Mathis v. Ammons*, 84 Wn. App. 411, 418, 928 P.2d 431 (1996), *review denied*, 132 Wn.2d 1008 (1997). Disregard for the safety of others is an aggravated kind of negligence "falling short of recklessness but constituting a more serious dereliction than the hundreds of minor oversights and inadvertences encompassed within the term 'negligence.'" *State v. Eike*, 72 Wn.2d 760, 765-66, 435 P.2d 680 (1967), *quoted in State v. May*, 68 Wn. App. 491, 496, 843 P.2d 1102 (1993). As noted in Justice Donworth's dissent to *Eike*, disregard for the safety of others is conduct more culpable than "driving 'in such a manner as to endanger or be likely to endanger any persons or property' (RCW 46.61.525—negligent driving)." *Eike*, 72 Wn.2d at 779 (Donworth, J., dissenting).

 While Ms. Lopez's failure to acquire a license or driver's training constitutes more than a minor inadvertence or oversight, this failure—without more—is insufficient to show disregard for the safety of others. The State presented no evidence that Ms. Lopez actually was an inexperienced driver or that she participated in speeding, horseplay or driving under the influence of intoxicants. It is not enough to show that an unlicensed minor without formal driver's education is likely to endanger persons or property by driving. Some evidence of the defendant's conscious disregard of that danger is necessary to support vehicular homicide. In short, a minor's status as an unlicensed driver is not enough to establish beyond reasonable doubt a disregard for the safety of others.

 Finally, we note that the trial court erred in concluding that the State failed to establish proximate causation as an essential element of vehicular homicide. Since the 1991 amendment to RCW 46.61.520, proximate cause is not an explicit statutory element of the crime.[2] *State v. Salas*, 127 Wn.2d 173, 184-85, 897 P.2d 1246 (1995). The

ute, ordinance, or administrative rule relating to electrical fire safety, the use of smoke alarms, or driving while under the influence of intoxicating liquor or any drug, shall be considered negligence per se." RCW 5.40.050.

[2]The former statute provided as follows:

only causal connection the State is required to prove is the connection between the act of driving and the death. *State v. Rivas*, 126 Wn.2d 443, 451-52, 896 P.2d 57 (1995). Here, it is undisputed that Ms. Orozco's death was the result of an accident that occurred while Ms. Lopez was driving. Nothing more is required to meet the causation element of vehicular homicide. *Rivas*, 126 Wn.2d at 451.

Affirmed.

KURTZ J., concurs.

BROWN, J. (dissenting) — Our vehicular homicide statute is a strict liability law. *State v. Rivas*, 126 Wn.2d 443, 451-53, 896 P.2d 57 (1995). The question is not whether a causal connection exists between the defendant's disregard for the safety of others and the victim's death, but whether a causal connection exists between the defendant's operation of a motor vehicle and the victim's death. *Id*. If the evidence in a vehicular homicide prosecution tends to show the defendant operated a motor vehicle and death ensued, then prima facie evidence tending to show intoxication, recklessness, or disregard for the safety of others is sufficient to submit the case to a jury. Under *Rivas*, no connection need be shown between intoxication and a victim's death; thus, no connection need be shown between driving with disregard for the safety of others or recklessness and a victim's death. The jury must decide beyond a reasonable

---

"(1) When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person while under the influence of intoxicating liquor or any drug, . . . or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle is guilty of vehicular homicide." LAWS OF 1983, ch. 164, § 1, p. 719.

The 1991 amendment to RCW 46.61.520 now provides:

"(1) When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person, the driver is guilty of vehicular homicide if the driver was operating a motor vehicle:

"(a) While under the influence of intoxicating liquor or any drug . . . ; or

"(b) In a reckless manner; or

"(c) With disregard for the safety of others."

doubt whether the defendant disregarded the safety of others or acted recklessly under the facts of this case. To the extent the trial court required otherwise, it erred.

Nina Lopez convinced the trial court proof of causation is critical under these facts. Under *Rivas*, she is just partly correct.

> Under RCW 46.61.520 an intoxicated defendant may still avoid responsibility for a death which results from his or her driving if the death is caused by a superseding, intervening event. In crimes which are defined to require specific conduct resulting in a specified result, the defendant's conduct must be the "legal" or "proximate" cause of the result.

*Rivas*, 126 Wn.2d at 453. As no superseding, intervening event is yet claimed in this record, dismissal at this juncture was inappropriate. The State has no burden to prove the absence of superseding cause before it is raised by the defense. *See State v. McAllister,* 60 Wn. App. 654, 660-61, 806 P.2d 772 (1991), *superseded by statute on other grounds as stated in State v. Hursh*, 77 Wn. App. 242, 247 n.3, 890 P.2d 1066, *review denied*, 126 Wn.2d 1025 (1995).

Disregard for the safety of others is an aggravated kind of negligence "falling short of recklessness but constituting a more serious dereliction than the hundreds of minor oversights and inadvertences encompassed within the term 'negligence.' " *State v. Eike*, 72 Wn.2d 760, 765-66, 435 P.2d 680 (1967). The *Eike* definition has been incorporated into WPIC 90.05. "Disregard for the safety of others means an aggravated kind of negligence or carelessness, falling short of recklessness but constituting a more serious dereliction than minor oversights and inadvertences encompassed within ordinary negligence . . . ." WPIC 90.05. Ordinary negligence is distinguished and "does not render a person guilty of vehicular homicide." *Id*. Furthermore, an automobile can be a dangerous instrumentality. *Curtis v. Blacklaw*, 66 Wn.2d 484, 489, 403 P.2d 358 (1965). A driver is charged with knowledge of a car's operational limitations. *Woods v. Goodson*, 55 Wn.2d 687, 691, 349 P.2d 731 (1960). Steering limitations are at issue here.

Applying the *Eike* standard the evidence is sufficient to support the element of disregard for the safety of others. A 14 year old, presumably incompetent to drive, driving a car, a potentially dangerous instrumentality, without first completing a driver's education course or obtaining even a learner's permit let alone a license has committed more than a "minor inadvertence" or "oversight." The evidence thus tends to show disregard for the safety of others. Moreover, driving under these circumstances is an intentional or inherently dangerous act. The trial court's role is to simply assure prima facie evidence exists of each required element, then the facts become jury determinations. Here, because evidence tends to show a serious dereliction, more than a minor inadvertence or oversight, the question whether Ms. Lopez disregarded the safety of others should have been left for the jury to decide.

Recklessness is also alleged. To operate a motor vehicle in a reckless manner means to drive in a rash or heedless manner, indifferent to the consequences. *State v. Bowman*, 57 Wn.2d 266, 270-71, 356 P.2d 999 (1960); *see* WPIC 90.05. The evidence tends to show Ms. Lopez acted in a rash or heedless manner by driving an automobile, a potentially or inherently dangerous instrumentality. Also the evidence allows inferences she drove at approximately 50 miles per hour without training and overcorrected while steering thus permitting a jury to conclude she conducted herself in a manner indifferent to the consequences. An adult standard of conduct is appropriate because "[w]hen the activity a child engages in is inherently dangerous, as is the operation of powerful mechanized vehicles, the child should be held to an adult standard of care." *Robinson v. Lindsay*, 92 Wn.2d 410, 413, 598 P.2d 392 (1979). The same court reasoned immediately thereafter: "Such a rule protects the need of children to be children but at the same time discourages immature individuals from engaging in inherently dangerous activities." *Id*. Although a negligence case involving snowmobiles, the reasoning in *Robinson* is perhaps equally or more true under these circumstances. In my view, a presumably incompetent 14 year old driving

a potentially or inherently dangerous automobile, a form of powerful mechanized vehicle, is engaging in an inherently dangerous activity, perhaps more so, than the child in *Robinson*.

Recently, in *State v. Gostol*, 92 Wn. App. 832, 965 P.2d 1121 (1998), Division One considered a vehicular assault case involving an adult driving an unfamiliar automobile. There, loss of control was attributed to oversteering. The issue was whether the trial court erred by not giving a lesser offense instruction for negligent driving. The defense expert opined Ms. Gostol oversteered possibly due to the driver's inexperience with the particular car. *Gostol*, 92 Wn. App. at 835. The evidence of oversteering, speed and Ms. Gostol's decision to pass were determined sufficient to permit the jury to consider the question of whether Ms. Gostol's conduct constituted recklessness or negligence. I would permit a jury to answer a similar question here. I would hold the evidence against Ms. Lopez is more compelling than that found in *Gostol* on the issue of recklessness and sufficient to submit this case to a jury.

Accordingly, I respectfully dissent.