

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) No. 67376-9-I |
| Respondent/ | ) |
| Cross-Appellant, | ) DIVISION ONE |
| | ) |
| v. | ) |
| | ) |
| JORDYN BALEIGH WEICHERT, | ) UNPUBLISHED OPINION |
| | ) |
| Appellant/ | ) FILED: March 4, 2013 |
| Cross-Respondent. | ) |

BECKER, J.—Jordyn Weichert appeals from the judgment and sentence

entered after a jury found her guilty of three counts of vehicular homicide and two

counts of vehicular assault. We reject her claim that defense counsel was

constitutionally deficient when he failed to renew challenges to drug-related evidence

after the trial court dismissed charges based on the driving under the influence

alternative. Weichert's arguments in her statement of additional grounds are also

without merit. We therefore affirm her convictions. We remand only to permit the

trial court to strike an unnecessary finding from the judgment and sentence.

On the evening of September 3, 2010, 20-year-old Jordyn Weichert was

driving a 1994 Chevrolet Blazer northbound on SR 20 near Oak Harbor. The

Blazer's owner, Samantha Bowling, was sitting in the front passenger seat. Jacob Quistorf and Francis Malloy sat in the backseat.

When Weichert indicated she was cold, Bowling took off her sweater and handed it to Weichert. Weichert removed her hands from the steering wheel and began to put on the sweater. In the meantime, Bowling grabbed the wheel to steer. At this point, the Blazer was moving at about 50 m.p.h. on a dry, straight stretch of SR 20.

When she heard Weichert say "okay," Bowling let go of the steering wheel. A short time later, when the Blazer started drifting to the right, Bowling noticed that Weichert had not retaken control of the steering wheel. Both women grabbed the wheel and tried to correct the Blazer's drift.

The women eventually overcorrected the Blazer's movements, causing it to swerve into the southbound lane, where it collided with an oncoming Subaru Outback. The Blazer hit the Subaru at an angle and rolled over the top of it, crushing the roof and instantly killing the driver, Brian Wood. Wood's wife, who sat next to him, suffered a broken nose, a concussion, and bleeding inside her skull.

After crushing the Subaru, the Blazer rolled several more times before coming to a rest on its roof. Weichert, Bowling, and Malloy were ejected during the accident. Both Malloy and Quistorf died. Weichert and Bowling survived and spoke with officers at the scene. Officers recovered a blue backpack thrown from the Blazer that contained marijuana, heroin, methamphetamine, and drug paraphernalia.

Weichert told Washington State Trooper Jason Nichols that she had smoked marijuana at about 10:00 a.m. on the morning of the accident, but denied consuming any other drugs. Weichert's blood pressure and pulse were elevated at the scene, and Nichols observed that her eyes were extremely bloodshot and watery. A technician took a blood sample while Weichert was being treated at the hospital. Bowling denied using drugs with Weichert on the day of the accident or seeing Weichert use drugs.

The State charged Weichert with three counts of vehicular homicide and two counts of vehicular assault. Each count was based on all three alternative means: (1) driving while under the influence, (2) driving in a reckless manner, and (3) driving with disregard for the safety of others. See RCW 46.61.520(1); RCW 46.61.522(1). The State charged Bowling with nearly identical counts of vehicular homicide and one count of vehicular assault. Bowling eventually pleaded guilty and testified at trial.

Lisa Noble, a toxicologist, testified that Weichert's blood sample contained a methamphetamine level of 0.33 milligrams per liter, a morphine level of 0.08 milligrams per liter, and carboxy THC level of 7.3 nanograms per milliliter. Noble explained that morphine in the blood results from the ingestion of either morphine or heroin. The presence of carboxy THC established that Weichert was not under the influence of marijuana at the time of the blood draw, but only that she had used marijuana at some earlier time. Noble was unable to determine whether Weichert was impaired based solely on the level of drugs in her blood.

At the close of the State's case, Weichert moved to dismiss all charges based on the driving under the influence and reckless driving alternatives. The trial court agreed that under the circumstances, the evidence of drugs in Weichert's blood and the presence of bloodshot and watery eyes was insufficient to support an inference that she was impaired at the time of the accident. The court dismissed the driving under the influence alternative but found sufficient evidence to submit the reckless driving and disregard of others alternatives to the jury.

The jury was unable to reach a verdict on reckless driving but found Weichert guilty of all five counts based on the driving with disregard alternative. The court imposed a standard range sentence.

Ineffective Assistance of Counsel

Weichert contends that defense counsel was constitutionally deficient when he failed to renew objections to the admission of drug-related evidence at the conclusion of the State's case. She argues that once the trial court dismissed the driving under the influence charges, evidence that she consumed drugs became irrelevant and highly prejudicial because the State's expert could not identify the specific effect the drugs had on her driving ability.

To prevail on a claim of ineffective assistance, Weichert must show both (1) that defense counsel's representation fell below an objective standard of reasonableness and (2) resulting prejudice, i.e., a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been

-4-

different. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We necessarily begin our analysis with a "strong presumption" that counsel's performance was reasonable. State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). To rebut this presumption, the defendant must establish the absence of any conceivable legitimate tactic explaining counsel's performance. State v. Grier, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). We review ineffective assistance claims de novo. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

In order to convict Weichert of vehicular homicide and vehicular assault as charged in this case, the State was required to prove that she drove "with disregard for the safety of others." RCW 46.61.520(1)(c); see also RCW 46.61.522(1)(c). Disregard for the safety of others is an aggravated kind of negligence falling short of recklessness but constituting a more serious dereliction than the hundreds of minor oversights and inadvertences encompassed within the term "negligence." State v. Lopez, 93 Wn. App. 619, 623, 970 P.2d 765 (1999). Some evidence must demonstrate the defendant's "conscious disregard" of the danger to others. Lopez, 93 Wn. App. at 623.

Lisa Noble, the toxicologist, testified that heroin is a narcotic analgesic and that its primary effect is to cause sleepiness or sedation. The ingestion of heroin may also slow the user's reaction time and affect coordination. Noble explained that the consumption of methamphetamine, a stimulant, generally begins with an "up" phase that may involve jerky movements and agitated behavior. During the "down" phase,

-5-

the user may experience sleepiness and increased reaction times. Noble stated that difficulty in maintaining lane position and in focusing attention were consistent with the use of heroin and methamphetamine, but the exact effect on a driver would depend on the specific person involved and the timing of the drug consumption.

Evidence is relevant if it makes a fact of consequence more or less likely to be true. ER 401. The trial court found the evidence insufficient to establish that Weichert was driving under the influence and dismissed that alternative from the charged offenses. But as the trial court also suggested, the evidence remained admissible for the remaining charges. In particular, Weichert's *decision* to ingest heroin and methamphetamine before driving, along with evidence of the potential and unpredictable effects of consumption, was highly relevant to the jury's determination of whether she was driving with disregard for the safety of others. The jury appropriately considered that evidence along with Weichert's removal of her hands from the steering wheel to change clothing, her decision to hand over control of the Blazer to a passenger, and the other egregious driving errors that led to overcorrection and loss of control. Given the specific purpose of the evidence, the potential prejudice did not outweigh its relevance.

When a defendant claims ineffective assistance based on counsel's failure to challenge the admission of evidence, the defendant must show, among other things, that an objection to the evidence likely would have been sustained. State v. Saunders, 91 Wn. App. 575, 578, 958 P.2d 364 (1998). Because the evidence

-6-

remained relevant, Weichert cannot demonstrate the trial court would likely have sustained an objection to the continued admissibility of the drug evidence. Her claim of ineffective assistance therefore fails.

Ability To Pay Court Costs

Weichert next contends the trial court erred in imposing $317 in discretionary legal financial obligations because the record lacks substantial evidence to support the boilerplate finding on the judgment and sentence that she had the ability or likely future ability to pay the obligations. The State agrees the record lacks such evidence.

The relevant statute provides: "The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose." RCW 10.01.160(3). Under this statute, formal findings are not required to document the court's basis for deciding for or against the imposition of the discretionary costs:

> Neither the statute nor the constitution requires a trial court to enter formal, specific findings regarding a defendant's ability to pay court costs. According to the statute, the imposition of fines is within the trial court's discretion. Ample protection is provided from an abuse of that discretion. The court is directed to consider ability to pay, and a mechanism is provided for a defendant who is ultimately unable to pay to have his or her sentence modified. Imposing an additional requirement on the sentencing procedure would unnecessarily fetter the

exercise of that discretion, and would further burden an already overworked court system.

State v. Curry, 118 Wn.2d 911, 916, 829 P.2d 166 (1992). The proper time for findings "is the point of collection and when sanctions are sought for nonpayment." State v. Blank, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997); see also State v. Baldwin, 63 Wn. App. 303, 310, 818 P.2d 1116, 837 P.2d 646 (1991) ("the meaningful time to examine the defendant's ability to pay is when the government seeks to collect the obligation"). The boilerplate finding of ability to pay is therefore surplusage, unnecessary under the statute. Because it is unnecessary, it should probably be removed from the form judgment and sentence.

The imposition of $317 in discretionary legal financial obligations is affirmed as a proper exercise of the court's discretion under RCW 10.01.160(3) as construed in Curry. We remand to the trial court with directions to strike the finding from the judgment and sentence, not because the finding is unsupported by substantial evidence, but because it is unnecessary. See State v. Bertrand, 165 Wn. App. 393, 405, 267 P.3d 511 (2011), review denied, 175 Wn.2d 1014 (2012).

State's Cross Appeal and Weichert's Motion to Strike

In its cross appeal, the State contends that it is entitled to retry Weichert on the alternative of driving under the influence should this court reverse her convictions on appeal and remand for a new trial. Weichert has moved to dismiss the cross appeal, arguing that reinstatement of the charge would constitute double jeopardy.

Because we affirm Weichert's convictions, we do not address the cross appeal or the motion to dismiss.

Statement of Additional Grounds for Review

In her statement of additional grounds for review, Weichert contends the trial court erred in refusing to allow defense counsel to argue that the Blazer's mechanical defects were an intervening, superseding cause of the accident. David Temple, the State's expert, examined the Blazer and found a slight movement in the left front tie rod end. He concluded, however, that the condition had no effect on the Blazer's steering ability or tracking characteristics. The defense did not present any controverting evidence. Nor has Weichert identified any specific evidence of mechanical defects that could have constituted an intervening cause of the accident. Because there was no supporting evidence, the trial court properly refused to permit the proposed argument. See generally State v. Souther, 100 Wn. App. 701, 710, 998 P.2d 350, review denied, 142 Wn.2d 1006 (2000).

Weichert alleges prosecutorial vindictiveness based on the State's cross appeal. Because we are not considering the cross appeal, this allegation need not be considered.

Weichert contends the sentencing court erred in denying the defense's request for an exceptional sentence below the standard range based on the argument that Bowling, a victim of one of the counts of vehicular assault, was "to a significant degree . . . an initiator, willing participant, aggressor, or provoker of the

incident." RCW 9.94A.535(1)(a). The record shows the trial court did consider Weichert's request for an exceptional sentence below the standard, noting that in a general sense, Bowling "was a willing participant in the incident." But the court also concluded that the presence of other, uninvolved victims outweighed this factor under the circumstances of this case. This exercise of the court's discretion does not warrant review.

In her three remaining grounds, Weichert contends the trial court erred in admitting evidence of her drug use and permitting the State to base arguments on that evidence. For the reasons set forth above, however, the evidence was relevant and admissible. Weichert's challenge therefore fails.

We affirm Weichert's convictions; we remand only for the trial court to strike the finding of Weichert's ability to pay from the judgment and sentence.

_Becker, J._

WE CONCUR:

_Leach, C.J._          _Spearman, J._