Submitted February 11; reversed as to permanent revocation of privileges on Count 1, otherwise affirmed March 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH ANDREW NELSON,
*Defendant-Appellant.*

Deschutes County Circuit Court
19CR34501; A174070

505 P3d 1105

Raymond D. Crutchley, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Reversed as to permanent revocation of privileges on Count 1; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4) (Count 1), and resisting arrest, ORS 162.315 (Count 3), challenging the permanent revocation of his driving privileges. ORS 809.235 requires a court to permanently revoke a DUII defendant's driving privileges if the defendant has two prior convictions for DUII under ORS 813.010 or its "statutory counterpart" in another state. The trial court found California Vehicle Code section 23152(b) to be a statutory counterpart.

Under *State v. Guzman/Heckler*, 366 Or 18, 35, 455 P3d 485 (2019), an out-of-jurisdiction offense is a "statutory counterpart" of Oregon DUII only if the elements of defendant's prior convictions are the close equivalent, or "match," the elements of the Oregon offense. In *State v. Ramirez*, 312 Or App 117, 493 P3d 522 (2021), we held that elements of a Washington conviction for negligent driving—which required proof of driving likely to endanger another person or property and that the driver "exhibits the effects" of an intoxicant—did not "match" those of Oregon DUII because a person could commit the Washington offense even if there was no nexus between the impairment and the driving. The state concedes that under *Ramirez*, California Vehicle Code section 23152(b) is not a statutory counterpart to Oregon DUII, and that concession is well taken.

The state argues that, despite the concession of error, we should nevertheless affirm the trial court under what we understand to be a "right for the wrong reasons" rationale, as articulated in *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (setting out conditions for affirming on an alternative basis). The state acknowledges that the trial court erroneously found that defendant's prior conviction constituted a statutory counterpart to an Oregon offense under ORS 809.235 (1)(b)(A)(ii), but presents an alternative basis for affirming the trial court's erroneous ruling: that the prior conviction falls under ORS 809.235(1)(b)(C), an argument that the

state did not raise below. We decline the state's invitation, concluding the record may have developed differently.

Reversed as to permanent revocation of privileges on Count 1; otherwise affirmed.