Submitted April 7, reversed and remanded August 30, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE RYAN ROSE,
*Defendant-Appellant.*

### Deschutes County Circuit Court
### 22CR01210; A178325

537 P3d 174

Defendant, who was charged with driving under the influence of intoxicants (DUII), ORS 813.010, appeals from a judgment of conviction on a conditional guilty plea after the trial court denied his petition to enter into diversion, ORS 813.200 to 813.270, based on the court's conclusion that defendant's prior Colorado conviction for "driving while ability impaired" (DWAI) was a conviction involving "impaired driving," as provided in ORS 813.215(1)(a)(B). On appeal, defendant seeks reversal of his conviction and remand to allow him to withdraw his conditional guilty plea and enter his already-filed DUII diversion guilty plea. *Held*: The state conceded that the trial court erred in denying defendant's petition to enter into diversion, and the Court of Appeals agreed with and accepted the state's concession. Under the Supreme Court's opinion in *State v. Guzman/Heckler*, 366 Or 18, 46, 455 P3d 485 (2019), because defendant's former conviction of DWAI did not require proof that defendant's alcohol and/or drug use necessarily had any actual effect on his driving, the conviction did not require a determination of impaired driving, and therefore is not a conviction described in ORS 813.215(1)(a)(B). The Court of Appeals addressed and rejected the trial court's other rationales for rejecting defendant's request for diversion as not supported by the record.

Reversed and remanded.

Walter Randolph Miller, Jr., Judge.

Richard E. Oberdorfer and Oberdorfer Law Firm LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Defendant was charged with driving under the influence of intoxicants (DUII), ORS 813.010. After the trial court denied his petition to enter into diversion, ORS 813.200 to 813.270, defendant entered a conditional guilty plea. On appeal, he seeks reversal of his conviction and remand to allow him to withdraw his conditional guilty plea and enter his already-filed DUII diversion guilty plea. The state concedes that the trial court erred in denying defendant's petition to enter into diversion for the reasons the court stated and that the case should be remanded for the court to reconsider its ruling. We agree and accept the concession. We therefore reverse defendant's conviction and remand.

As relevant here, ORS 813.215 provides:

"(1) A defendant is eligible for diversion if the defendant meets all of the following conditions:

"(a) On the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement, the defendant had no charge, other than the charge for the present offense, pending for:

"(A) An offense of driving while under the influence of intoxicants in violation of:

"(i) ORS 813.010; or

"(ii) The *statutory counterpart* to ORS 813.010 in another jurisdiction;

"(B) *A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle* due to the use of intoxicating liquor, cannabis, psilocybin, a controlled substance, an inhalant or any combination thereof; or

"*****

"(b) The defendant has not been convicted of an offense described in paragraph (a) of this subsection within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement.

"(c) The defendant has not been convicted of a felony offense described in ORS 813.010(5)(a).

> "(d)   The defendant was not participating in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program in this state or in another jurisdiction on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement. A defendant is not ineligible for diversion under this paragraph by reason of participation in a diversion program or any similar alcohol or drug rehabilitation program as a result of the charge for the present offense or a charge for violation of ORS 471.430.

> "(e)   The defendant did not participate in a diversion or rehabilitation program described in paragraph (d) of this subsection within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement. A defendant is not ineligible for diversion under this paragraph by reason of participation in a diversion program or rehabilitation program described in paragraph (d) of this subsection as a result of the charge for the present offense or a charge for violation of ORS 471.430."

(Emphases added.)

Under ORS 813.215(1)(a)(A)(ii) and ORS 813.215(1)(b), a defendant is ineligible for diversion if they have been convicted of DUII under ORS 813.010 or its "statutory counterpart *** in another jurisdiction" within the prior 15 years. Under ORS 813.215(1)(a)(B) and ORS 813.215(1)(b), a defendant is ineligible for diversion if they have been convicted in the prior 15 years of, "[a] driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle due to the use of intoxicating liquor, cannabis, a controlled substance, an inhalant or any combination thereof." Under ORS 813.215(1)(e), a defendant is ineligible for diversion if they have participated in a diversion or rehabilitation program "within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement."

In his written motion to enter a diversion program, defendant disclosed a 2016 Colorado conviction for "driving

while ability impaired" (DWAI), defined in Colo Rev Stat § 42-4-1301(1)(b). But defendant directed the trial court's attention to *State v. Guzman/Heckler*, 366 Or 18, 46, 455 P3d 485 (2019), in which the Supreme Court held that Colorado's DWAI offense does not include an element of "perceptible impairment," as required by Supreme Court case law under ORS 813.010, and therefore is not a statutory counterpart to ORS 813.010 under ORS 813.215(1)(a)(A)(ii). *See also State v. Nelson*, 318 Or App 230, 231, 505 P3d 1105 (2022) (Under *Guzman/Heckler*, an out-of-jurisdiction offense is a "statutory counterpart" of Oregon DUII only if the elements of the defendant's prior convictions are the close equivalent, or "match," the elements of the Oregon offense.).

Defendant also argued that he had no previous conviction for an offense involving "impaired driving," ORS 813.215(1)(a)(B); *see State v. Mazzola*, 356 Or 804, 813, 345 P3d 424 (2015) (the impairment element of ORS 813.010(1) can be proved either by a blood alcohol content (BAC) level of .08 percent or by showing "that the driver was impaired to a perceptible degree while driving").

The trial court nonetheless denied defendant's motion for diversion under ORS 813.215(1)(a)(B):

"THE COURT: Okay. After considering the arguments, and then further reviewing the materials attached to the motion to enter diversion that are from the Colorado DWAI conviction, I do find as a result of the DWAI conviction in Colorado, that defendant is disqualified under ORS 813.215(A)—excuse me, subsection (1)(B) because the DWAI conviction does constitute a driving under the influence of intoxicants [offense] in another jurisdiction that involved the impaired driving of a vehicle through the use of intoxicating liquor, cannabis, psylocibin, controlled substance, inhalant, or any combination thereof. [T]hose are elements of the DWAI. I do not believe that the Court is required to element match to determine whether that DWAI constitutes a statutory counterpart ***, because this is not being argued as a ***disqualifying statutory counterpart under the other provisions that would make [defendant] ineligible for diversion. And even if the Court were to accept the argument of defense counsel *** that he was not statutorily disqualified, the Court would exercise its discretion *** to deny the diversion petition due to the

fact that, you know, approximately six years ago or less, in relation to the Colorado DWAI, [defendant] would have been ordered to participate and engage in the same nature of treatment *** that is contemplated by the Oregon diversion education and treatment and that would be a—another basis for disqualification. So, I'm denying *** the petitioner for diversion."

The court thus did not base its rejection of defendant's petition on the rationale that the Colorado offense was a "statutory counterpart" under ORS 813.215(1)(a)(A)(ii); rather, the court reasoned that the Colorado offense required a rejection of petitioner's request for diversion because it was a "driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle." ORS 813.215(1)(a)(B). After the trial court rejected defendant's petition for diversion, defendant entered a conditional guilty plea to the charge of DUII, reserving his right to appeal the trial court's denial of his entry into diversion.

On appeal, defendant contends (and the state concedes) that, in light of *Guzman/Heckler*, the trial court erred in denying his petition for diversion, and we agree. In *Guzman/Heckler*, the court did not address ORS 813.215(1)(a)(B). But citing *Mazzola*, 356 Or at 813, the court noted in *Guzman/Heckler* that the impairment element of ORS 813.010(1) can be proved either by a blood alcohol content (BAC) level of .08 percent or by showing "that the driver was impaired to a perceptible degree while driving." *Guzman/Heckler*, 366 Or at 46. *See also State v. Clark,* 286 Or 33, 39, 593 P2d 123 (1979) (describing state's burden to establish that driver was "under the influence" either through BAC level or based on "observable physical symptoms"). The court emphasized that the "perceptible degree" standard has applied to "impairment" in proof of DUII for "close to a century." *Id.* The court said, "the 'perceptible degree' standard draws a line between slight impairment that does not violate the law and the more significant impairment that does." *Id.* at 48. The court noted in *Guzman/Heckler* that although Colorado's DWAI offense required "impairment," it was not impairment to a perceptible degree. Rather, the Colorado offense "extends to drivers who are slightly and imperceptibly impaired." 366 Or at 47.

Thus, the court concluded, the Colorado offense was not a statutory counterpart of DUII.

In conceding that the trial court erred in holding that defendant had a previous conviction for an offense involving impaired driving, ORS 813.215(1)(a)(B), the state argues that, to prove that defendant committed the Colorado offense of DWAI, the prosecution "did not need to prove that defendant's alcohol and/or drug use necessarily had any actual effect on his driving," and that, because the prosecution did not need to prove that the use of intoxicants made defendant's driving any different or worse than it otherwise would have been, it did not need to prove that defendant's offense involved "impaired driving."[1] Thus, the state contends, the record did not support the trial court's conclusions that defendant's Colorado offense "involved the impaired driving of a vehicle" due to intoxicants.

We accept the state's concession that the trial court erred. The court said in *Guzman*/*Heckler* that the Colorado offense of DWAI did involve impairment, but not impairment to a "perceptible degree." Thus, the court said, a person could be convicted of DWAI even if the intoxication was imperceptible. *Id.* at 47.[2] Under ORS 813.215(1)(a)(B), the

---

[1] The state argued:

"Because the prosecution [for defendant's Colorado DWAI] did not need to prove that use of intoxicants made defendant's driving any different or worse than it otherwise would have been, it did not need to prove that defendant's offense involved "impaired driving.""

[2] The court said:

"Under Colorado law, the impairment element is satisfied when a person is 'affect[ed] *** to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle. Colo Rev Stat § 42-4-1301 (1)(g) (2010). By contrast, the impairment element of ORS 813.010(1) can be proved either by a blood alcohol content (BAC) level of .08 percent or by showing 'that the driver was impaired to a perceptible degree while driving.' *State v. Mazzola*, 356 Or 804, 813, 345 P3d 424 (2015). The 'perceptible degree' standard has been part of our law for close to a century. *See State v. Noble*, 119 Or 674, 678, 250 P 833 (1926); *State v. Robinson*, 235 Or 524, 531, 385 P2d 754 (1963). The state argues that there is little difference between DWAI and DUII under ORS 813.010. We disagree. Colorado's DWAI law criminalizes driving even while imperceptibly intoxicated, provided that the individual's mental or physical abilities relating to driving are affected 'to the slightest degree.' Colo Rev Stat § 42-4-1301(1)(g) (2010). That conduct falls below the 'perceptible degree' of intoxication threshold set by ORS 813.010(1). To

Colorado offense must have been for "impaired driving." If, as the court said in *Guzman/Heckler*, the Colorado offense of DWAI is established by intoxication that is imperceptible, then, as the state correctly concedes, the person's *driving* is not impaired as required by ORS 813.215(1)(a)(B). Thus, a person who has been convicted of the Colorado offense of DWAI has not necessarily been convicted of an offense involving impaired driving, as required by ORS 813.215(1)(a)(B). *See also State v. Santos-Ramirez*, 312 Or App 117, 493 P3d 522 (2021) (construing the same statutory wording in ORS 809.235(1)(b)(B) "to encompass out-of-state offenses only to the degree that those offenses require proof that a person's driving was impaired by the use of intoxicants"). We therefore conclude that defendant's Colorado conviction for DWAI is not a conviction involving "impaired driving," as required by Oregon law under ORS 815.215(1)(a)(B).

The trial court said that, alternatively, it would "exercise its discretion" to

> "deny the diversion petition due to the fact that, you know, approximately six years ago or less, in relation to the Colorado DWAI [defendant] would have been ordered to participate and engage in the same nature of treatment * * * that is contemplated by the Oregon diversion education and treatment."

The trial court's discussion appears to refer to ORS 813.215(1)(e), under which a person is not eligible for diversion if they have participated in a diversion program within the last 15 years. *See* ORS 813.215(1)(e). But, as the parties agree, the evidence here did not establish that defendant had participated in a diversion or rehabilitation program after his Colorado DWAI conviction.

It is possible that, by referencing its "discretion," the court had in mind ORS 813.220, which lists criteria that a court, in its discretion, should consider in determining whether to allow diversion for a person who establishes eligibility under ORS 813.215. *See, e.g., State v. Warrington*,

---

be sure, imperceptible intoxication can also violate ORS 813.010(1)(a), but only when the person's BAC at the time of driving was 0.08 or higher. DWAI, under Colorado law, criminalizes lower levels of imperceptible intoxication because it extends to even the 'slightest degree' of impairment."

*Guzman/Heckler*, 366 Or at 45-46.

219 Or App 566, 184 P3d 1160 (2008); *State v. Wright*, 204 Or App 724, 726, 131 P3d 838 (2006) ("Once a defendant establishes eligibility, whether contested or not, the decision to allow diversion in a particular case is a matter of discretion left to the trial court. ORS 813.220."). We agree with defendant that the circumstances described by the court do not appear to relate to the criteria listed in that statute.

We therefore reverse defendant's conviction and remand for reconsideration of defendant's petition for diversion.

*Reversed and remanded.*